UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

ANTONY MONTERO, Plaintiff,

V. Civil Action

CITY OF NEW YORK, OFFICE OF THE MAYOR – OFFICE OF LABOR RELATIONS, LISA JONES (HR Director, individually and in official capacity), SHANEKA MCKELLAR (EEO Officer, individually and in official capacity), R. CAMPION (Commissioner, individually and in official capacity), CLAIRE CAMMARTA (Director, individually and in official capacity), WALTRA MONTGOMERY (Direct Supervisor, individually and in official capacity) Defendants.

**COMPLAINT**

Plaintiff, ANTONY MONTERO, pro se, brings this action for violations of federal, state, and local laws, and alleges as follows:

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 for civil rights violations arising under:
   - **Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.**
   - **Rehabilitation Act, 29 U.S.C. § 794**
   - **Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.**
   - **Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.**
   - **Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.**
   - **New York State Human Rights Law (N.Y. Exec. Law § 296)**
   - **New York City Human Rights Law (NYC Admin. Code § 8-107)**
   - **New York Labor Law §§ 191, 193**
   - **28 U.S.C. § 1367 (Supplemental Jurisdiction)**

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the unlawful practices occurred in New York County.

**II. PARTIES 3. Plaintiff, ANTONY MONTERO, is a former civil servant residing in Bronx, NY, and was employed by the Mayor's Office of Labor Relations (OLR).**

4. Defendant CITY OF NEW YORK is a municipal entity responsible for OLR operations.

5. Defendant LISA JONES was HR Director of OLR, acting under color of law.

6. Defendant SHANEKA MCKELLAR was the EEO Officer for OLR, acting under color of law.

7. Defendant R. CAMPION was Plaintiff's Commissioner at OLR, acting under color of law.

8. CLAIRE CAMMARTA was Plaintiff's Director at OLR, acting under color of law '

9. WALTRA MONTGOMERY was Plaintiff's direct Clinical Supervisor at OLR, acting under color of law

## III. STATEMENT OF EVENTS WITH EXHIBITS

10. On or around July 29, 2024, Plaintiff was hired without confirmation of full compliance with credentialing regulations, while observing other staff performing unlicensed counseling. This is relevant under NYS Education Law § 6509 and 8 NYCRR § 52.15 and establishes an environment of systemic noncompliance. (See Exh. A)

11. Between October 2024 and January 2025, Plaintiff submitted and was granted an ADA accommodation for remote work due to a temporary medical condition. This accommodation was approved pursuant to ADA, 42 U.S.C. § 12112(b) (5) (A). (See Exh. B: RA Approval)

12. In early 2025, Plaintiff requested an extension of the reasonable accommodation, which was acknowledged by the EEO Officer but never formally acted upon, constituting a denial under both ADA and NYC Admin Code § 8-107. (See Exh. C: RA Extension Email)

13. On or about February 25, 2025, Plaintiff was wrongfully terminated while still under approved accommodation, and within days of submitting a complaint to the NYS Division of Human Rights. Temporal proximity supports retaliation under ADA § 12203 and Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006). (See Exh. D: DHR Complaint and Exh. E: Termination Letter)

14. Defendants falsely stated that final wages and vacation pay were withheld due to unreturned equipment, despite confirmed UPS return tracking and communication from IT acknowledging receipt. This constitutes wage theft under FLSA and NYLL § 191. (See Exh. F: UPS Confirmation & Work Phone Email)

15. Defendants failed to provide Plaintiff with legally mandated clinical supervision, then falsely cited performance issues after the DHR complaint as a pretextual defense. This

    supports defamation and retaliation claims. (See Exh. G: Supervision Log & Performance Timeline)

16. Medical information was disclosed to multiple staff members and agencies without Plaintiff's consent, violating ADA confidentiality provisions and HIPAA where applicable. (See Exh. H)

17. Despite being eligible for post-employment Employee Assistance Program (EAP) services, Plaintiff was denied continuation, which demonstrates retaliatory intent and violation of employer policy. (See Exh. I)

18. Plaintiff submitted multiple requests for removal of inappropriate and religiously offensive imagery, which were ignored. This shows disparate treatment based on gender and religion and supports hostile work environment claims under Title VII and NYCHRL. (See Exh. J)

## IV. LEGAL CLAIMS

Each Count below is supported by specific statutes, precedent cases, and documentary evidence as labeled in Section III.

### COUNT I – Disability Discrimination (ADA, 42 U.S.C. § 12112)

Violation of ADA Title I. Defendants terminated Plaintiff while on an approved accommodation.

Precedent: McMillan v. City of New York, 711 F.3d 120 (2d Cir. 2013)

Exhibits: B (RA Approval), C (Extension Email), E (Termination Letter) B (RA Approval), C (Extension Email), E (Termination Letter)

### COUNT II – Retaliation for Protected Activity (ADA, 42 U.S.C. § 12203)

Plaintiff was terminated shortly after filing a protected complaint.

Precedent: Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006)

Exhibits: D (DHR Complaint), E (Termination Letter), G (Performance Timeline) D (DHR Complaint), E (Termination Letter), G (Performance Timeline)

### COUNT III – Wage Theft & Unlawful Withholding (FLSA, NYLL §§ 191, 193)

Defendants withheld final pay despite equipment being returned.

Precedents: Angello v. Labor Ready, Inc., 7 N.Y.3d 579 (2006); Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697 (1945)

Exhibits: F (UPS Confirmation), B (Final Pay Email) F (UPS Confirmation), B (Final Pay Email)

**COUNT IV – Due Process Violation (14th Amendment via § 1983)**

Plaintiff was terminated without hearing or union representation.

Precedent: Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985)

Exhibits: E (Termination Letter), G (Timeline) E (Termination Letter), G (Timeline)

**COUNT V – Interference & Retaliation (FMLA)**

Termination occurred during ongoing medical recovery protected under FMLA.

Precedent: Potenza v. City of New York, 365 F.3d 165 (2d Cir. 2004)

Exhibits: B (RA Approval), C (Extension Email) B (RA Approval), C (Extension Email)

**COUNT VI – Defamation & False Statements (Common Law)**

Defendants falsely attributed termination to performance after complaint.

Precedent: Albert v. Loksen, 239 F.3d 256 (2d Cir. 2001)

Exhibits: D (DHR Complaint), G (Supervision Logs) D (DHR Complaint), G (Supervision Logs)

**COUNT VII – Denial of Public Employee Benefits (ERISA violation, 29 U.S.C. § 1140)**

Termination resulted in loss of spouse's health insurance.

Precedent: Ingersoll-Rand Co. v. McClendon, 498 U.S. 133 (1990)

Exhibits: E (Termination Letter), I (Health Coverage Impact) E (Termination Letter), I (Health Coverage Impact)

**COUNT VIII – Failure to Provide Reasonable Accommodation (NY Exec. Law § 296, NYC Admin Code § 8-107)**

The employer failed to respond to an extension request of the existing ADA accommodation.

Precedent: Jacobsen v. NYC Health & Hospitals Corp., 22 N.Y.3d 824 (2014)

Exhibits: B (RA Approval), C (Extension Request) B (RA Approval), C (Extension Request)

**COUNT IX – Hostile Work Environment (Title VII, NYCHRL)**

- Employer ignored Plaintiff's objections to religiously and culturally offensive content.
- Precedents: Patane v. Clark, 508 F.3d 106 (2d Cir. 2007); Williams v. New York City Hous. Auth., 61 A.D.3d 62 (1st Dept. 2009)

Exhibits: J (Image Complaint) J (Image Complaint)

**COUNT X – Unauthorized Disclosure of Medical Information (ADA, HIPAA/Common Law)**

- Plaintiff's medical condition was disclosed without consent.
- Precedents: Doe v. Town of Madison, 2006 WL 8435031 (D. Conn. 2006); Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338 (2013)

Exhibits: H (Medical Info Disclosure) H (Medical Info Disclosure)

**V. DAMAGES 17. Compensatory Damages: $3,000,000**

- Lost wages, pension, health benefits, medical coverage for disabled spouse
- Emotional distress, reputational harm, mental anguish, and housing instability

**VI. RELIEF REQUESTED**

Plaintiff respectfully requests: a. Immediate reinstatement with back pay and restoration of pension and benefits b. Compensatory damages of $3,000,000 c. Declaratory judgment that Defendants violated federal, state, and local law d. Permanent injunction barring further discrimination and retaliation e. Attorney's fees and costs if represented f. Pro bono counsel assignment (See attached Pro Se Request) g. Waiver of court filing fees (See attached IFP Form)

Respectfully submitted,

*Antony Montero*
Antony Montero

1084 East 165th Street, Apt 1A

Bronx, NY 10459 (

929) 279-2260

*March 24th, 2025*

antonymontero721@gmail.com

Dated: March 24, 2025