UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTONY MONTERO,<br><br>                              Plaintiff,<br><br>         -against-<br><br>CITY OF NEW YORK; OFFICE OF THE MAYOR – OFFICE OF LABOR RELATIONS; LISA JONES; SHANEKA MCKELLAR; R. CAMPION; CLAIRE CAMMARTA; and WALTRA MONTGOMERY,<br><br>                              Defendants. | Case No. 1:25-cv-02482 (JLR)<br><br>**ORDER OF SERVICE** |

JENNIFER L. ROCHON, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action alleging that Defendants violated his rights under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and other federal and state laws.[1]  By order dated April 11, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.  Dkt. 5.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While

---

[1] Plaintiff filed the original complaint in this action on March 25, 2025. Dkt. 1. On April 11, 2025, and April 14, 2025, Plaintiff filed letters that included attachments seeking to amend the complaint. (ECF 7, 10.) On April 15, 2025, Plaintiff filed an amended complaint. Dkt. 8. On April 17, 2025, Plaintiff filed what he labeled as the "Final Amended Complaint." Dkt. 11. The final amended complaint is the operative pleading.

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.     Claims against the Office of Labor Relations

Plaintiff's claims against the New York City Mayor's Office of Labor Relations must be dismissed because an office or agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against this defendant for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, the Court will construe any allegations against the Office of Labor Relations as being asserted against the City of New York, which is also a defendant in this action.

### B.     Service of remaining defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants City of New York, Lisa Jones, Shaneka McKellar, R. Campion, Claire Cammarta, and Waltra Montgomery through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## C. Plaintiff's application for counsel

Plaintiff filed an application for the court to request *pro bono* counsel. Dkt. 6. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are

---

summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

"[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date. While the Court denies Plaintiff's request for full-scope representation, the Court notes that, by separate order, it will refer this action to mediation and request *pro bono* counsel for the limited purpose of representing Plaintiff in the mediation.

## CONCLUSION

The Court dismisses Plaintiff's claims against the Office of the Mayor – Office of Labor Relations. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to issue summonses for Defendants City of New York, Lisa Jones, Shaneka McKellar, R. Campion, Claire Cammarta, and Waltra Montgomery, complete the USM-285 form with the address for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court denies Plaintiff's application for the court to request *pro bono* counsel without prejudice to renewal at a later time. (ECF 6.)

The Clerk of Court is further directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: April 28, 2025
       New York, New York

                                                          */s/ Jennifer Rochon*
                                                          JENNIFER L. ROCHON
                                                          United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. The City of New York
   100 Church Street
   New York, NY 10007

2. Lisa Jones, HR Director
   Office of Labor Relations
   22 Cortlandt Street
   New York, NY 10007

3. Shaneka McKellar, EEO Officer
   Office of Labor Relations
   22 Cortlandt Street
   New York, NY 10007

4. Commissioner R. Campion
   Office of Labor Relations
   22 Cortlandt Street
   New York, NY 10007

5. Claire Cammarta, Director
   Office of Labor Relations
   22 Cortlandt Street
   New York, NY 10007

6. Waltra Montgomery, Director
   Office of Labor Relations
   22 Cortlandt Street
   New York, NY 10007