```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTONY MONTERO,

              Plaintiff,

    -v-

CITY OF NEW YORK, ET AL.,

              Defendants.

**ORDER**

25-CV-2482 (JLR) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

By Letter Motions dated September 2 and 3, 2025, Plaintiff moved for various discovery relief, including a preservation order, subpoenas, expedited discovery, and sanctions. ECF Nos. 36–40. By Order dated September 9, 2025, the Court extended Defendants' time to respond to these letter motions until October 1, 2025, and scheduled a conference to address the letter motions on October 3, 2025 at 10:00 a.m. ECF No. 46. Thereafter, Plaintiff filed two additional discovery motions seeking the same relief sought by his prior motions. ECF Nos. 47–48. For the reasons described below, Plaintiff's Letter Motions at ECF Nos. 37, 38, 40, 47, and 48 are **DENIED**.

**I.    DISCUSSION**

    **A.    The Court Reserves Judgment on the Discovery Motions at ECF No. 36 and 39.**

On September 2, 2025, Plaintiff filed a "Motion for Preservation Order and Sanctions." ECF No. 39. On September 3, 2025, Plaintiff filed a "Motion for Expedited, Targeted Discovery and a Preservation Order." ECF No. 36. While

1

Plaintiff's requests for relief in these motions are overlapping, specifically in the requests for a preservation order and sanctions in both motions, Plaintiff also seeks expedited discovery. The Court therefore reserves judgment on these motions pending Defendants' response and any argument presented during the October 3, 2025, conference.

### B. Plaintiff's Duplicative Discovery Motions are Denied

On September 3, 2025, Plaintiff filed a "Letter Motion for Expedited, Targeted Discovery and a Preservation Order." ECF No. 38. On September 9, 2025, Plaintiff filed a "Motion to Compel Targeted Production and for Rule 37(e) Safeguards," ECF No. 47, and a "Renewed Motion for Expedited, Targeted Discovery and a Preservation Order," ECF No. 48. Upon review of these motions, the Court finds that they are entirely duplicative of Plaintiff's earlier-filed motion at ECF No. 36. *See Williams v. NYC Board of Elections*, No. 23-CV-5460, 2024 WL 3861830, at *7 (S.D.N.Y. Aug. 19, 2024) ("[D]uplicative filings waste judicial resources and cause undue burden and expense on the parties that have to respond."). Plaintiff even acknowledges that his motion at ECF No. 48 is duplicative by naming it a "renewed" motion. Accordingly, Plaintiff's motions at ECF Nos. 38, 47, and 48 are **DENIED** as duplicative.

### C. Plaintiff's Duplicative Motions Seeking Subpoenas Directed to Defendants Are Denied

Plaintiff filed two motions dated September 2 and 3, 2025, seeking the issuance of subpoenas directed to Defendant City of New York and its Office of Labor Relations.[1]  ECF Nos. 37, 40.

Plaintiff seeks the issuance of these subpoenas under Federal Rule of Civil Procedure 45 and Local Civil Rule 83.10.  Rule 45 governs third-party subpoenas.  Because the target of Plaintiff's subpoenas, Defendant City of New York, is a party to this action, Rule 45 subpoenas are inappropriate.  Rather, Plaintiff must seek discovery from a party through the ordinary channels for party discovery.

Further, Local Civil Rule 83.10 is entirely inapplicable as it pertains to procedures for certain cases brought against the City of New York under 28 U.S.C. § 1983 "alleging the use of excessive force, false, arrest, or malicious prosecution by employees of the NYPD."  Plaintiff's complaint alleges only one cause of action under Section 1983 for termination without due process, which is not within the scope of Local Civil Rule 83.10.  Even if Local Civil Rule 83.10 did apply, it does not provide for the issuance of subpoenas to a party to the action.

Accordingly, the motions seeking subpoenas against Defendant City of New York at ECF Nos. 37 and 40 are **DENIED**.

---

[1] By Order dated April 28, 2025, the Court dismissed the claims against the Office of Labor Relations as duplicative of the claims against the City of New York because it is a not a separate entity.  ECF No. 13.  Thus, to the extent Plaintiff seeks separate relief against the Office of Labor Relations, these requests are duplicative of his requests for discovery relief against the City or New York and are denied for that reason.

## II. CONCLUSION

For the reasons described above, Plaintiff's discovery motions at ECF Nos. 37, 38, 40, 47, and 48 are **DENIED** and the Clerk of Court is respectfully directed to terminate them as such.

By October 1, 2025, Defendants are directed to respond to the remaining discovery motions at ECF Nos. 36 and 39. The Court will address these two discovery motions during the conference scheduled on October 3, 2025, at 10:00 a.m. by telephone. The parties should contact chambers for this conference using the Court's conference line, +1 646-453-4442 (Conference ID: 822 892 272#).

Plaintiff shall not file any additional motions seeking a preservation order, subpoenas, expedited discovery, or sanctions, or any other relief sought in already-filed discovery motions that will be addressed on October 3, 2025, at 10:00 a.m. Plaintiff is further warned that continued duplicative and vexatious filings may result in the imposition of sanctions.

**SO ORDERED.**

Dated: September 11, 2025
       New York, New York

Henry J. Ricardo
United States Magistrate Judge